```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| JOHN H. JANZ, et al., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-07-229 |
| LAS BRISAS COUNCIL OF CO-OWNERS, | § | |
| INC., et al., | § | |
| | § | |
|     Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiffs John H. Janz, Tim Clower, Dottie Clower and Leon Gutierrez-Vela's (together, "Plaintiffs") motion to remand this case back to state court (D.E. 10). For the reasons stated herein, the Court hereby GRANTS Plaintiffs' motion to remand, and the Court hereby REMANDS this case pursuant to 28 U.S.C. § 1447(c) to the 214th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 05-05760-F.

## I. Background

The Plaintiffs in this case are current and former owners of units in the Las Brisas Condominiums in Corpus Christi. The Defendants consist of the Las Brisas Council of Co-Owners, Inc. ("Las Brisas Council") and various current and former directors of the Las Brisas Council. Plaintiffs have sued Defendants over various rules and regulations Defendants promulgated regarding the Las Brisas Condominiums, which Plaintiffs claim violate various

Texas state laws and constitute negligence and civil conspiracy.

Plaintiffs first filed this case in Texas state court on November 21, 2005. Defendants removed the case for the first time on December 22, 2005, on the basis of federal question jurisdiction.[1] Per a written agreement between Plaintiffs and Defendants, the case was REMANDED back to state court on January 17, 2006. (Case No. 05-586, D.E. 6). In the written agreement entered into between Plaintiffs and Defendants, Plaintiffs "agree[d] ... [to] not assert in this cause any federal claims or causes of action for relief or damages, such that all claims and causes of action arise under state law." (D.E. 10, Motion to Remand, Exh. A).

Following the January, 2006 Order of Remand, the case proceeded in state court, with trial set for June, 2007. On May 11, 2007, Plaintiffs filed their "Fourth Amended Petition" in state court. Plaintiffs attached as an Exhibit to their Fourth Amended Petition a March 20, 2007 letter sent to the Board of Directors of the Las Brisas Council. (Fourth Amended Petition, Exh. A). This letter is entitled "Formal Demand to Take Action," and it states that it is a "formal demand pursuant to Article 5.14, Section C of the Texas Business Corporation Act" asking the Board of Directors to take "appropriate action" to protect the interests of the

---

[1] After this first removal, the case was assigned Case No. C-05-586, and was assigned to Chief Judge Hayden Head of the United States District Court for the Southern District of Texas.

association of condominium owners. (Id.). In this letter, Plaintiffs detail actions that the "named individual Defendants [in the instant lawsuit] as well as the Board of Directors [of the Las Brisas Council] ... have taken, or purported to take, actions which have been the proximate cause of damages to the individual Association members." (Id.). The letter includes a long list of purported actions taken by the named Defendants and/or other directors. The list includes the statement that "[t]he purported directors have violated their duties to the Association members by purporting to create a mandatory rental program which has unlawfully discriminated against minorities and violated city, state and federal laws." (Id., ¶ 7). Based on this single word "federal" in the list contained in the March 20, 2007 letter, Defendants removed the case for a second time on May 21, 2007.[2] Defendants allege that this single word in Exhibit A to Plaintiffs' Fourth Amended Petition somehow conferred federal question jurisdiction on this Court.

Plaintiffs filed a motion to remand the case back to state court on June 8, 2007 (D.E. 10), and Defendants filed their response on June 12, 2007 (D.E. 13). For the reasons set forth below, the Court finds that it does not have federal jurisdiction over this case, and hereby GRANTS the motion to remand filed by

---

[2]After the second removal, this case was initially assigned to Chief Judge Head. However, Judge Head recused on July 6, 2007 (D.E. 22), and the case was then assigned to this Court.

Plaintiffs.

**II.   Discussion**

    **A.   General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th

Cir. 1995).

**B.    Well-Pleaded Complaint Rule**

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the determination of whether a court has federal question jurisdiction is resolved by application of the "well-pleaded complaint" rule. Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808 (1986); Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000). This rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry. ***If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking***." Hart, 199 F.3d at 243 (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)) (emphasis added). "The plaintiff is thus the master of her complaint." Carpenter, 44 F.3d at 366. Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." Id.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action. Id.; see also Thompson, 478 U.S. at 813. Similarly, it is

insufficient for a defendant to show that there is a federal defense (including the defense of preemption) to a plaintiff's state law claims. See, e.g., Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003); Carpenter, 44 F.3d at 366.

Pursuant to the well-pleaded complaint rule, this Court does not have federal jurisdiction over the above-styled action. As set forth below, Plaintiffs' Fourth Amended Petition does not raise any issue under federal law, and a single word in an Exhibit to Plaintiff's operative complaint is not sufficient to establish federal question jurisdiction in this case. (See generally, Fourth Amended Petition).

### C. The Court Does Not Have Federal Question Jurisdiction Over This Case

In Plaintiffs' Fourth Amended Petition, Plaintiffs make the following claims against Defendants: (1) claims for declaratory judgment under the Texas Uniform Declaratory Judgments Act; (2) violations of the Texas Debt Collection Act; (3) violations of the Texas Deceptive Trade Practices Act; (4) negligence; (5) violations of the Texas Real Estate Licensing Act; and (6) civil conspiracy. Accordingly, in their Fourth Amended Petition, Plaintiffs only allege Texas state law claims – claims for violations of various Texas state statutes along with claims for negligence and civil conspiracy. Plaintiffs do not make any reference whatsoever to federal law in their pleading.

Defendants' basis for removal centers on Plaintiffs' first claim for declaratory judgment under the Texas Uniform Declaratory Judgments Act. Again, Plaintiffs make no reference to federal law in their declaratory judgment claim. Rather, Plaintiffs seek declaratory judgment finding that various actions taken by Defendants violated certain provisions of the Texas Property Code, the Texas Fair Housing Act and the Texas Constitution. (Fourth Amended Petition, ¶¶ 28-32). Defendants' entire allegation regarding federal question jurisdiction rests on a single paragraph in Plaintiffs' Fourth Amended Petition, which states as follows:

> Plaintiffs have previously made demand that the Defendants and others take action to correct these and other actions as set forth in Plaintiffs' demand dated March 20, 2007, incorporated herein by reference, but Defendants have failed to act. Plaintiffs seek a declaratory judgment that Plaintiffs are entitled to enforce the rights of the council and owners against the individual Defendants, and that the by-laws and articles have been violated as set forth herein.

(Fourth Amended Petition, ¶ 32). As noted above, this March 20, 2007 demand letter is attached to Plaintiffs' Fourth Amended Petition as Exhibit A.

From the language in Plaintiffs' Fourth Amended Petition, Plaintiffs incorporate the March 20, 2007 letter for the purpose of showing that Plaintiffs made a demand that Defendants (and any other directors of the Las Brisas Council) take action to correct and seek redress for various problems that are detailed in the

letter.[3]  In the instant lawsuit before the Court, Plaintiffs unequivocally do <u>not</u> seek relief for all of the alleged problems detailed in the letter.  Rather, Plaintiffs specify that the letter details actions alleged in the Fourth Amended Petition, along with "***other actions***" allegedly taken by Defendants and/or other individuals.  (<u>Id.</u>) (emphasis added).  Plaintiffs do not seek redress in the instant lawsuit for these "other actions."  Rather, based on the clear language in Plaintiffs' Fourth Amended Petition, only seeking declaratory relief regarding alleged violations of <u>Texas state law</u>, Plaintiffs' oblique reference to "federal" law in the March 20, 2007 letter falls within this category of "other actions" for which Plaintiffs do <u>not</u> seek relief in the instant lawsuit.  Accordingly, Defendants' reliance on this March 20, 2007 letter is misplaced.  Merely because the word "federal" appears in

---

[3]Further, contrary to the claim made by the Defendants, Plaintiffs only seek declaratory relief that Plaintiffs are "entitled to enforce the rights of the council and owners against the individual Defendants, and that the by-laws and articles have been violated as set forth herein."  (Fourth Amended Petition, ¶ 32).  Contrary to Defendants' allegation, Plaintiffs <u>do not</u> seek declaratory relief that the Defendants and others actually committed all of the actions detailed in the letter.  Nor do Plaintiffs seek any redress for the alleged actions detailed in the letter.  Rather, Plaintiffs' claim for declaratory relief centers on whether or not Plaintiffs are entitled take certain actions on behalf of the Las Brisas Council, not whether Plaintiffs are entitled to relief under any alleged unspecified "federal" laws as allegedly set forth in the letter.  Of note, even in the March 20, 2007 letter, Plaintiffs frame their "demand for action" under a provision of the "***Texas*** Business Corporation Act," not under any provision of federal law.  (Fourth Amended Petition, Exh. A) (emphasis added).

the letter does not mean that Plaintiffs are asserting a federal claim in their Fourth Amended Petition.  Rather, Plaintiffs are careful <u>not</u> to assert any such federal claim in their operative pleading.  This case is governed by the well-pleaded complaint rule, and accordingly, because "on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking."  <u>Hart</u>, 199 at 243 (citing <u>Franchise Tax Bd.</u>, 463 U.S. at 10).[4]

---

[4]The Court notes Defendants' argument that <u>Gillis v. Louisiana</u>, 294 F.3d 755 "is on point and dispositive." (D.E. 13, Response, ¶ 13).  As set forth below, this argument is unpersuasive.  In <u>Gillis</u>, the Fifth Circuit affirmed the district court's denial of the plaintiffs' motion to remand.  The district court found that federal question jurisdiction existed in the case, because plaintiffs' sought declaratory relief based on <u>the preemptive effect of a federal statute</u>.  The plaintiffs argued that the district court misconstrued their request for declaratory relief, improperly reading in the preemptive effect of a federal statute.  The Fifth Circuit rejected the plaintiffs' argument, holding that "the district court did not err in interpreting the petition as requesting an injunction based on federal preemption."  <u>Id.</u> at 760.  The court stated that "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction ... to resolve."  <u>Id.</u>  In the case at bar, <u>there is no issue of or allegation of federal preemption</u>, and resolution of Plaintiffs' claims for declaratory relief do not necessitate the analysis of, or even any reference to, federal law.  On its face, the plaintiffs' petition in <u>Gillis</u> required the analysis of a federal statute.  That is not the case in the instant action.  Rather, the only similarities between <u>Gillis</u> and the case at bar are that both sets of plaintiffs seek some form of declaratory relief.  However, with regard to the issue of federal jurisdiction, <u>Gillis</u> is not analogous to or dispositive with regard to Plaintiffs' Fourth Amended Petition.

**III. Conclusion**

For the reasons set forth above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiffs' motion to remand (D.E. 10), and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 214th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 05-05760-F.

SIGNED and ENTERED this 11th day of July, 2007.

_____
Janis Graham Jack
United States District Judge